ROBERT SHEEHAN, Respondent, *v*. ALEX. MARTIN ET AL., Appellants.

### April 26, 1881.

1. Where a city charter provides for the construction of a sewer whenever a majority of the property-holders of the district resident therein shall petition therefor, or whenever the Board of Public Improvements shall

recommend it as necessary, and when in pursuance of such a recommendation an ordinance is passed authorizing the work, it is immaterial that the petition for the work was not signed by a majority of resident property-holders.

2. The recommendation by the board, of the passage of such an ordinance, is a sufficient declaration of the necessity for such a sewer.

3. Where the improvement to be made is a district sewer, a failure of the engineer to prepare and send to the board an estimate of the cost, is not fatal to a special tax-bill for the work.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

MARTIN & LACKLAND, for the appellants.

A. R. TAYLOR, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This action is by a contractor upon a special tax-bill issued by the city engineer, for sewer work in St. Louis. On appeal to the Circuit Court, and trial *de novo* there, there was judgment for $63.28, the amount claimed. The work was done under ordinances 10,544 and 10,547, authorizing the Board of Public Improvements to cause sewers to be constructed in different portions of the city, and to assess the owners of adjoining lands with their share of the cost of construction, and giving the contractor a right to recover such assessments. There was testimony that the sewers were ordered to be constructed after presentation of a petition to that effect, signed by resident property-holders of the district. Defendants were allowed to introduce evidence tending to prove that the petition was not signed by a majority of the property-owners, when the fact was admitted by plaintiff, and defendant desisted from introducing further evidence on this point. Evidence tending to show that no regular or written estimate of the work to be done was ever made, and submitted by the proper authority, was offered and excluded.

1. The Charter of 1870 provided (Art. VII., sect. 12), that " the city council shall cause sewers to be constructed

in any district whenever a majority of the property-holders resident therein shall petition therefor, or whenever the council may deem it necessary for sanitary or other purposes.'' The existing Charter provides (Art. VI., sect. 22), that " the assembly shall cause sewers to be constructed in any district whenever a majority of the property-holders resident therein shall petition therefor, or whenever the Board of Public Improvements shall recommend it as necessary for sanitary or other purposes.''

The evidence was that the petition to the Municipal Assembly was sent back for more signatures. Then a report was made that a sufficient number of signatures had been obtained. This report was made by the sewer commissioner, and is to the effect that the petition to construct this district sewer represents a majority of the resident property-holders, and that the sewer asked for ought to be built. The sewer commissioner was instructed to approve an ordinance establishing the sewer district, and to approve an ordinance for the construction of the sewer. After that, the committee of the council reported the ordinance to the Board of Public Improvements, by whom it was adopted by a majority vote.

How is the question, whether or not a majority of property-holders resident within the sewer district have signed the petition, to be determined? Is the contractor, before proceeding with his work under the ordinance, to decide this question at his peril? If so, he runs a great hazard in undertaking sewer work. The Municipal Assembly seems to be pointed out by the charter as the body to canvass the votes indicated by the signatures to the petition. When it has done this, upon the report of the Board of Public Improvements, or of some committee of its body whose report it adopts, it is insisted that its action upon the petition must be taken to be final and conclusive upon the question, at least in a case where the work has been completed without hindrance on the part of the property-holders, on the

faith of the ordinance and the contract with the city.  The case, however, is not precisely analogous to that presented in *Block* v. *Commissioners*, 99 U. S. 686, cited for respondent, because the property-holder who is specially taxed for the improvement is not in the position of the innocent holder of a bond, and because the record of the canvassing board in the case cited was the only thing accessible by the bondholder by which to ascertain what the popular vote had been.  It must, however, be a doubtful and difficult work for the contractor to determine with certainty that the Board of Public Improvements, or that the Municipal Assembly, is wrong in declaring that a majority of resident property-holders of the district have voted for the sewer by signing the petition.  Such a course is not practically possible ; and the profit upon any ordinary contract for sewerwork must be great to pay for the trouble of the investigation and the risk.

The Board of Public Improvements has it in its power, however, to authorize the passage of the ordinance.  If it recommends the work as necessary for any purpose, the assembly, under the charter, must cause the work to be done.  The sewer commissioner in this case reports, not only that a majority of the property-holders have signed the petition, but, further, that the sewer asked for ought to be built.  He does not say expressly that the work is necessary ; nor does he expressly say that the work ought to be done because the petition is sufficiently signed.  Nor, if he did say so, would his statement be a recommendation of the board.  The work was, however, recommended by the board ; and whatever be the ground of that recommendation, we think that the recommendation and the subsequent passage of the ordinance must be held to relieve the contractor from any obligation of inquiring as to the ground upon which the work is ordered to be done.  The ordinance manifestly was passed either upon a canvass of the vote by those appointed by the Municipal Assembly for that purpose,

or else, irrespective of the vote, upon the recommendation of the Board of Public Improvements. In either case the ordinance was authorized by the language of the section of the charter set out above. The question of the necessity for the sewer for any purpose, which was formerly left to the Municipal Assembly, is now by law left to the Board of Public Improvements; and we think that the recommendation by them of the passage of an ordinance for constructing a district sewer, as to which one of their members, the sewer commissioner, has reported that it ought to be passed, should be taken as a sufficient declaration that the sewer is necessary. Such is the rule in the case of a State or municipal legislature when exercising a discretionary power given by statute (*Young* v. *St. Louis*, 47 Mo. 494; *Miller* v. *Anheuser*, 2 Mo. App. 168); and we do not see why it should not apply to any subordinate body to which the Legislature has committed a like discretion.

We do not deny that the report of the sewer commissioner in this case seems naturally to mean that the sewer ought to be built because the petition is signed by a majority of resident property-holders. But if it could be made to appear that it was not so signed, it must be taken that this fact was known to the Board of Public Improvements before they recommended the passage of the ordinance, and that, in spite of that fact, they recommended the sewer, and recommend it, of course, as, in their judgment, necessary. Any other rule would be a hardship upon the contractor, would tend to enhance the cost of the work, and we do not see that it would serve in any way to protect the property-holder. The board has it in its power to recommend the work, and upon its recommendation the ordinance is to be passed. If we are to conceive the board as regardless of its duty in the matter, it is as easy to certify as necessary a work not necessary, as to certify as sufficient a petition known not to be so.

2. The objection that the tax-bill is void because there

was no estimate prepared and sent to the Board of Public Improvements, does not seem to be well taken. Section 27 of Article VI. of the Charter applies only to work for which the city has to pay. The section is the same as section 17 of Article VIII. of the Charter of 1870 ; and the language must be taken to have been adopted with the interpretation which has already been given to it. *The State ex rel.* v. *St. Louis*, 56 Mo. 281.

The judgment is affirmed. Judge Thompson concurs; Judge Lewis is absent.