THE STATE, THE PROVIDENT INSTITUTION FOR SAVINGS IN JERSEY CITY, PROSECUTORS, v. THE MAYOR, &c., OF JERSEY CITY.

1. Where the grade of a street is altered for sewerage purposes, it is not necessary to obtain consent of property owners.

2. It is the duty of parties interested to act promptly before the work is done, if they wish to avail themselves of irregularities in proceedings for improvements.

On *certiorari* in matter of assessment.

Argued at February Term, 1890, before Justices DEPUE and VAN SYCKEL.

For the prosecutors, *Vredenburgh & Garretson.*

For the defendant, *W. D. Edwards.*

The opinion of the court was delivered by

VAN SYCKEL, J. The final assessment for the improvement of Danforth avenue, in Jersey City, is certified into this court for review.

The work done on the street included grading, curbing, guttering, sidewalks and paving.

For one block, between Ocean avenue and the Central railroad, the petition asked for the paving of the carriage way, while for the balance the gutters only were to be paved.

The contract for the work was awarded April 25th, 1885.

The prosecutors acquired title to their property affected by this assessment on the 10th of August, 1885, and before the contractor had completed his work.

The final assessment was filed February 12th, 1886; objections to its confirmation were presented March 22d, and it was confirmed March 29th, 1886.

The prosecutors permitted the work to be completed without taking steps to arrest its execution, and now rest their case

upon irregularities in the preliminary proceedings· taken by the city.

. The first reason relied on is, that the grade of the street was illegally altered, without the requisite consent of property owners.

It appears that the alteration made was for sewerage purposes, and therefore consent was not necessary, as section 58. of the city charter provides that, where a change of grade is· made ·necessary for the purposes of sewering, such change may be made by the board of public works without the consent of property owners.

: The petition for the improvement asks that all other work may be done that shall be necessary to provide for the flow of surface water. .

. The objection, that the owners of one-third of the land fronting on the street did not petition for the improvement, is· not sustained by the evidence. The owners of one-third of the frontage along the line of the improvement did petition for it. Even assuming that this was not sufficient, the city authorities acted in good faith in the belief that the requisite number had signed the petition. The city is therefore protected by the twenty-third section of the supplement of 1873 to the city charter, which provides " that if any application or petition, not signed by the requisite number of owners, shall be acted on by the city authorities in good faith, believing the same to be duly signed, and a contract for work and materials shall be entered into, or awards for damages shall thereupon be found, such application or petition shall be of like force, avail and effect as if duly signed."

It was the duty of parties interested to take advantage of such an objection promptly before contract was executed ; it was too late after the work was done.

The remaining objection which it is deemed necessary to consider is, that the assessment, being for several kinds of improvements, on different parts of the street, could not be levied against the same property, and, if it could, that there should have been separate assessments.

Under the old charter of Jersey City, the expense of all such improvements was required to be assessed upon lands fronting on the street, in proportion to the frontage, except that in assessing the expense of grading, the lot was to be assessed only for the expense of grading the street in front of it.

This was an unconstitutional mode of assessment, but it is superseded by the act of April 21st, 1876, chapter 183, which requires all assessments to be made according to and not in excess of benefits actually received.

The grading in this case was for sewerage purposes, and was necessarily incident to the work of properly paving the gutters and roadway. It also appears that an amount in excess of the entire cost of grading was cast upon the city at large.

If, therefore, it was necessary or proper that separate assessments should have been made, the relators did not make that objection in the remonstrance which they presented to the confirmation of the assessment, and they have failed to show that any injustice is done to them by the neglect to make separate assessments, or that any undue burden has been put upon them.

Under these circumstances, the prosecutors are not entitled to demand a new assessment, and as they neglected to take advantage of irregularities in the proceedings before the work was completed and paid for by the city, the writ of *certiorari* should be dismissed, with costs. *Youngster* v. *Paterson*, 11 *Vroom* 244.

If it appeared that the prosecutors were entitled to relief, the assessment would not be set aside, but would be corrected in accordance with the provisions of the act of 1881, *p.* 194.