THE STATE, GEORGE HILDRETH, PROSECUTOR, v. HENRY S. RUTHERFORD ET AL., DEFENDANTS.

1. Where work authorized by a proceeding of a public nature has been completed, a *certiorari* attacking the preliminary proceedings, by one who has stood by pending the completion of the work, comes too late.
2. Where the surveyors of the highways under the Road act, in the legal exercise of their judgment, have assessed benefits, this court will not review the amounts thus determined.

On *certiorari*.

On the 18th day of December surveyors were duly appointed by the Court of Common Pleas of the county of Cape May for the alteration of a public road in said county, the said alteration involving the vacation of a part of an old road and the laying out and construction of a new one. The return of the surveyors was filed January 19th, 1889. No *caveat* was filed. The return of the surveyors was recorded, and the work thereby authorized was begun and completed. On June 11th, 1889, the prosecutor obtained a writ of *cer-*

*tiorari* removing the above proceedings into this court, where he has filed the following reasons for setting aside the surveyors' return :

*First.* Because the persons who signed the application to the Court of Common Pleas of the county of Cape May to appoint surveyors in said matter, were fraudulently induced to sign the same.

*Second.* Because the said surveyors of the highways were induced to make the said return by fraudulent representations.

*Third.* Because the said surveyors of the highways did not take an oath or affirmation for the faithful performance of their duties.

*Fourth.* Because the assessment of damages and benefits in said return were made upon an estimate of the cost of the making of said road, and not upon the actual damages and benefits.

*Fifth.* Because the said assessment of benefits to Albert L. Haynes was illegally made.

*Sixth.* Because said return and the proceedings are in divers other respects irregular, illegal, oppressive and void.

Argued at February Term, 1890, before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutor, *H. W. Edmunds.*

For the defendants, *E. B. Leaming.*

The opinion of the court was delivered by

GARRISON, J. The first, second and third reasons are shown, by the testimony taken, to be without foundation in fact. Furthermore, in so far as they are addressed to the proceedings preliminary to the public improvement in question, they come too late. The prosecutor stood by until the work was completed. *State* v. *Clark,* 9 *Vroom* 102; *Bowne* v. *Logan,* 14 *Id.* 421.

If the object of this writ is to relieve the prosecutor of a burden imposed upon him by an assessment not involving the disturbance of the road as laid and constructed, the present case is singularly devoid of merit. Assuming all that the prosecutor urges to be true, neither he nor any one of the general public is called upon to pay any assessment whatsoever. The entire cost of the alteration is assessed against A. L. Haynes, who does not appeal therefrom. The objective point of these reasons is, therefore, not directed to the only matter upon which the prosecutor could now be heard, viz., the injurious effect of the assessment, but is addressed to the legality of the road itself, a matter already disposed of upon the ground of laches.

But the assumption of the prosecutor cannot be accepted, or, rather, the proofs of the case do not warrant the conclusions he would have us draw. The surveyors legally exercised their judgment in regard to the subject matter committed to them. Their decision as to amounts will not here be reviewed. *State* v. *Miller*, 3 *Zab.* 383; *State* v. *Hulick*, 4 *Vroom* 307; *Swanton* v. *Pierson*, 8 *Id.* 363.

The writ of *certiorari* is dismissed, with costs.