DePuy *et al. v.* The City of Wabash.

No. 16,097.

# DePuy et al. *v.* The City of Wabash.

MUNICIPAL CORPORATIONS.—*Street Improvement.*—*Method of Procedure.*—*Collateral Attack.*—*Common Council.*—*Jurisdiction of.*—Where the common council of a city undertook, without a petition from two-thirds of the property owners interested, to improve a certain street, it is not enough—in a proceeding to enjoin the assertion of a lien on the property of the adjoining owners, on the ground that the proceedings to establish said improvement were void—to assert that two-thirds of the adjoining lot owners did not petition for the improvement. As such an action is a collateral attack upon the proceedings of the corporate officers, it is not proper as to any defects or irregularities which do not affect the jurisdiction; and a decision of the council, upon jurisdictional facts, is conclusive as against a collateral attack, and without a showing to the contrary, it will be presumed that the council correctly decided jurisdictional questions.

SAME.—*Street Improvements.*—*Property-Holders in Interest.*—*Action of.*—*Estoppel.*—*Injunction.*—When proceedings are being taken by a city council to improve a street, property holders in interest can not stand by while the contract is being executed and the improvement made, and then embarrass the city or the contractor by denying the propriety of the work, or the manner of its execution; and having pursued their legal remedy, and submitted to the jurisdiction of the tribunal charged by law with an adjudication of such questions, equitable relief—by way of injunction—will be denied.

From the Wabash Circuit Court.

*M. H. Kidd, N. G. Hunter* and *A. Taylor,* for appellants.

*O. H. Bogue,* for appellee.

HACKNEY, J.—The appellants make three assignments of error in this court: *First,* upon the ruling of the lower court in sustaining a motion for an entry, *nunc pro tunc,* of a ruling upon a demurrer to the original complaint; *second,* the sustaining of a demurrer to the amended complaint; *third,* the action of the court in dissolving the restraining order issued upon the original complaint.

The first assignment is not discussed by the appellants,

DePuy *et al. v.* The City of Wabash.

and will, therefore, not be considered. The third assignment is conceded, by appellants, to be unavailing if the complaint was bad on demurrer, and we may suggest that it presents no error, for the reason that the petition upon which the order was issued is not in the record. On the 23d day of December, 1889, the original petition was filed, and upon it the restraining order was issued the same day. An amended complaint was filed on February 13, 1890, to which the court sustained a demurrer, and on the 14th day of March, 1890, the second amended complaint was filed. The record discloses no action of the court in renewing the order, upon either of the amended complaints, or continuing it in force. The restraining order, therefore, could not stand when the petition upon which it was granted, was not only insufficient upon demurrer, but was taken from the record by the filing of an amended petition or complaint.

The second assignment, the sustaining of the demurrer to the second amended complaint, is the only question for consideration. This pleading is in one paragraph, and is of such great length as to require a statement of its character, rather than a copy at length in this opinion.

The plaintiffs below, appellants in this court, alleged facts showing that the city of Wabash, through her common council, civil engineer, and city commissioners, took steps to improve the street and sidewalks of Ferry street, from Carroll street to Thorne street, one full square; that such steps were taken without a petition from two-thirds of the property owners interested; that notice was given of the order for the improvement; that notice was given for bids and contract for the grading, paving of the walks, and the macadamizing of the street; that a contract was made, the grading done, the paving completed, and the crushed stone put upon the street; that the civil engineer reported the cost of the improvement to a com-

mittee consisting of the members of the common council; that the plaintiffs appeared before the committee so consisting of the council, and filed written objections to the report of the civil engineer. The plaintiffs allege that after a grade was established for said proposed improvement, the order establishing the same was rescinded, and a different grade was established without submitting such change of grade to the commissioners for the assessment of benefits and damages; they allege, also, that the contractor cut down the natural grade of the street to an unnecessary depth, rendering access to their property difficult, killing shade trees along the sidewalk, and impeding the drainage of the surface water from the street in front of their lots, to their damage severally in sums stated. It is further alleged that the notice for the order of improvement was published September 13th and 20th, for appearance on September 23d; that the notice of the letting of the contract for the improvement was published September 13th, 20th and 27th, for the receipt of bids on September 30th.

Treating the proceedings as void, the plaintiffs seek to enjoin the assertion of liens upon their lots for the improvement, and they seek damages for the injuries so alleged.

The complaint contains no allegation as to the findings, or record of the findings, of the common council upon any matter in dispute, nor is it shown that the council failed to make any finding upon jurisdictional questions.

It is said that the proceedings were bad under the act of March 8, 1889 (Elliott's Supp., section 812), and that, in the respects complained of, the council had acted without compliance with that act. In *McEneney* v. *Town of Sullivan*, 125 Ind. 407, this court held that, under the act in question, the improvement might be ordered without petition, and that, in the absence of a showing to the contrary, it will be presumed that the council's action was

according to one of the two methods authorized. It is, therefore, not enough to allege that two-thirds of the lot owners adjoining did not petition for the improvement. It is further decided in that case that such a proceeding as this is a collateral attack upon the proceedings of the corporate officers, and that such an attack is not proper as to any defects or irregularities which do not affect the jurisdiction. The manner in which the work under the contract was performed is clearly not a jurisdictional question.

In the case above cited it was further held, upon numerous authorities cited, that a decision by the council upon jurisdictional facts is conclusive against a collateral attack. In the absence of a showing to the contrary, it will be presumed that the council decided jurisdictional questions correctly, and they will remain at rest. See, also, *Barber Asphalt, etc., Co.* v. *Edgerton,* 125 Ind. 455. The court said, in this case, that "where the statute required the filing of a petition as a condition precedent to the exercise of jurisdiction, or the giving of some particular notice, if a petition was filed, though defective, or some notice was given, though not in compliance with the statutory requirement, the proceeding is not void, and will be sufficient to withstand a collateral attack." Numerous cases are cited from the Indiana decisions in support of this conclusion.

The appellants could have contested, before the city council, many of the questions raised in this proceeding, including benefits and damages to their property, but they could not stand by while the contract was being executed, and the improvement was being made, and, after taking the chances of the benefits to their property, embarrass the city or the contractor by denying the propriety of the work, and by objecting to the manner of its execution. Nor could they, after being thus estopped to assert, in the council proceeding, their remedy for damages, elect to pro-

ceed by another method.    *Taber* v. *Ferguson,* 109 Ind. 227;
*Prezinger* v. *Harness,* 114 Ind. 491.

The complaint alleges that, upon the completion of the
work, and with a view to charging the property of the
plaintiff with the cost of the work, the civil engineer of
the city reported the cost of the improvement; that notice
was given of the hearing upon said report, and that the
plaintiffs appeared at said meeting and filed objections to
the report.    In the steps so taken, the plaintiffs pursued
their legal remedy; they submitted, so far as said report
was concerned, to the jurisdiction of the tribunal charged
by law with an adjudication upon the questions involved.

Where a remedy is given by law, and where that rem-
edy is accepted, the remedy sought in this case will be de-
nied.    We conclude that the action of the court below, in
sustaining a demurrer to the amended complaint, was not
erroneous.    The judgment is, therefore, affirmed.

Filed January 14, 1893.