HENRY BREWER ET AL., PROSECUTORS, v. THE CITY OF ELIZABETH, DEFENDANT.

Submitted March 8, 1901—Decided June 10, 1901.

1. Where the proof shows the prosecutor to have been familiar with all the proceedings for a municipal improvement from its inception, it will not be set aside on technical objections.
2. It is the duty of parties to act promptly if they wish to avail themselves of irregularities in public improvements, .and not to wait until after contracts are awarded and the money expended.

3. An error in assessing a lot in the name of a person not the owner will be corrected by the court, under the power conferred by statute.

4. A person who holds title to land by an unrecorded deed is a freeholder.

5. Where the statute requires that the commissioners shall be "disinterested freeholders," the order of appointment must recite that fact, otherwise the proceedings are defective.

6. Assessments for public improvements set aside for defects of the character here brought up, but which appear to have been laid upon legal principles, and to be just and fair, will be re-assessed by the court, under the act approved March 23d, 1881.

On *certiorari.*

Before Justices GUMMERE and FORT.

For the prosecutors, *Clark McK. Whittemore.*

For the defendant, *James C. Connolly.*

The opinion of the court was delivered by

FORT, J.   This writ brings up the report of commissioners assessing of the costs and expenses of paving Marshall street, in the city of Elizabeth.   Thirty-five reasons are assigned as grounds of objection.   Of these, from ten to eighteen, both inclusive, were abandoned on the brief.

The proof shows that the prosecutors were familiar with all the proceedings for this paving before it was authorized by ordinance of the city council, and protested, from time to time, to the city authorities, both before and after the commissioners were appointed to assess the costs and expenses thereof.

They will not now be allowed to ask to vacate the assessment for paving on technical objections to the preliminary proceedings therefor.

It is the duty of parties to act promptly if they wish to avail themselves of irregularities in public improvements, and not to wait until after the contracts are made and the money expended or expenses incurred in the doing of the work.

*Provident Institute* v. *Jersey City,* 23 *Vroom* 490; *State, Ryerson* v. *Passaic,* 9 *Id.* 171.

But four of the remaining reasons only need to be considered. The twentieth reason alleges that the commissioners have assessed against each lot more than the actual cost of the pavement in front of the same. If this were shown to be true it would not be fatal. The amount that the commissioners assess against the property is the peculiar benefit to the property by virtue of the improvements as a whole. One lot on a public street improved by paving may be much more benefited than another. Location of the lot may make a great difference. A corner lot, for instance, where the paving might be carried into the crossing of the intersecting street.

The brief of counsel for the prosecutors takes the whole length of the street and the whole cost of paving and, by a calculation, tries to show that some lots are assessed $1.25 a lot over the actual cost of laying the paving in front thereof. It is a sufficient answer to this claim to say that the proofs do not sustain it.

The twenty-seventh reason is that No. 614 Marshall street was assessed to Elizabeth Connolly and No. 607 to Adolph Kaiser, whereas both are owned by the prosecutors. The prosecutors admitting this error in the assessment, and there being no question of its fairness, this court will order it amended in this respect in the re-assessment, as hereinafter directed.

The second reason alleges that Daniel Wolfskeil was not a freeholder at the time he was appointed a commissioner.

The statute requires that the commissioners shall be freeholders. *Pamph. L.* 1875, *p.* 637, § 1.

The proof shows that at the time of his appointment Wolfskeil did own real estate for which he held an unrecorded title deed.

A landowner who holds an unrecorded deed for his land is a freeholder. A deed need not be recorded to make its grantee a freeholder. Record is only to protect against third parties without notice. A deed may be recorded at any time. There is nothing in this objection.

The fourth reason is that William A. Bourdon was not competent to act as a commissioner, he not being a disinterested person.

The proceedings brought up do fail to recite, either in the appointment or otherwise, that the commissioners were disinterested freeholders, as required by the city charter. *Pamph. L.* 1875, *p.* 637, § 1.

This is a fatal defect under our decisions. *State* v. *Newark,* 1 *Dutcher* 400, 413; *State, Little* v. *Newark,* 7 *Vroom* 170; *Vreeland* v. *Bayonne,* 25 *Id.* 488; *Green* v. *Perth Amboy,* 28 *Id.* 351.

This latter defect, prior to the passage of the act of 1881, would not only require us to set aside the assessment, but to direct its return to the commissioners for re-assessment. Since the act of 1881, however, such course is not necessary. All the defects pointed out in the prosecutors' reasons and brief can be cured by the court setting aside the report and re-assessing the property as the commissioners might have done. *Pamph. L.* 1881, *p.* 194, § 1.

In this case the fairness and justice of the assessment levied commends itself to the court, and we, under the statute, do determine that said property as assessed in the proceedings brought up was legally liable to assessment, and do fix the amounts severally assessed against said properties in said report, and do direct an amendment of said report as to the persons assessed as owners of Nos. 607 and 614 Marshall street shall be made to the rightful owners thereof.

. An order to set aside and re-assess as herein suggested will be made.

This accords with the practice in this court, under the act of 1881, above cited. *Elizabeth* v. *State,* 16 *Vroom* 157; *Brown* v. *Town of Union,* 36 *Id.* 601.