JAMES DEVINE AND RICHARD WANMAKER, PLAINTIFFS IN ERROR, v. L. F. OLNEY ET AL., DEFENDANTS IN ERROR.

Argued June 17, 1902—Decided November 17, 1902.

1. The Supreme Court having found that no improper inducement was offered to surveyors of the highways to lay out a public road, and the evidence being sufficient to justify that decision, this court will not consider the question of weight of evidence.
2. The surveyors were appointed to vacate an old road and lay out a

new one, and it being a debatable question whether the surveyors were entitled to a fee of $3 in each case, the return will not be set aside because each surveyor was paid $6.

3. One of the plaintiffs was assessed $175 for his damages and a like sum for benefits. This was a sufficient assessment to entitle him to apply for freeholders to review the assessment; his remedy is not by *certiorari*.

4. For an alleged imperfection in the assessment made to the Erie Railroad Company, which does not injure the plaintiffs, they are not entitled to vacate the return.

On error to the Supreme Court.

For the plaintiffs in error, *Jacob Willard De Yoe.*

For the defendants in error, *Michael Dunn.*

The opinion of the court was delivered by

VAN SYCKEL, J. The writ of error in this case brings up for review the judgment of the Supreme Court affirming the judgment of the Bergen County Common Pleas in proceedings to lay out a public road.

The first reason relied upon to set aside the surveyors' return is that the Erie Railroad Company threatened to remove the railroad depot if the road was not laid out.

The Supreme Court has found that no improper inducement was offered, and the evidence being sufficient to justify the decision of the Supreme Court, this objection to the validity of the proceedings cannot prevail.

The second reason relied on is that the surveyors were paid $6, when they were entitled to $3 each only.

In *Parmley* v. *White,* 6 *Vroom* 203, the return was set aside for the reason that the surveyors were paid more than their legal fees.

This rule was adopted to prevent the use of any improper influence to obtain a favorable certificate from the surveyors. It would be apparent to them that if they refused to lay out the road, the applicants would pay them only the legal fee, while they might hope for an increased compensation if they reported favorably.

The reason for the rule adopted in *Parmley v.* White does not apply to this case.

The application in the case before us was made, under section 119 of the Road act (*Gen. Stat., p.* 2828), for the appointment of surveyors to vacate an old road and lay out a new one.

It is a debatable question whether the surveyors were entitled to a fee for vacating and also to a fee for laying out, and therefore the return should not be set aside, even if the applicants committed an error in judgment in respect to this question. The surveyors may have demanded a fee in each case as their right, and it may have been conceded in good faith.

Thirdly, it is insisted that the surveyors did not comply with the statutory requirement that they must assess to the owners of all lands, other than the applicants, the damages they will sustain over and above the advantages that will accrue to them.

They assessed in favor of Richard Wanmaker for his damages the sum of $175, and charged him with a like sum for benefits. This was a compliance with the statute.

Lastly, it is contended that the assessment to the Erie Railroad Company of $1,000 for damages, and against it for $1,700 for benefits, is illegal and vitiates the return.

The Erie Railroad Company is a landowner, and not an applicant for the road, and was entitled to be included in the assessment.

The assessment of damages was made to the Erie Railroad Company in accordance with the statute.

The assessment for benefits is not complained of by the Erie Railroad Company, and cannot be taken advantage of by the plaintiffs to vacate the return; no injury falls upon them by reason of that assessment.

In *State v. Emmons,* 4 *Zab.* 45, and *State v. Cake, Id.* 516, the Supreme Court held that the plaintiff in *certiorari* cannot take advantage of the fact that damages were not awarded to one who does not complain, and in *Hildreth v. Rutherford,* 23 *Vroom* 501, the Supreme Court expressed no disapproval

of the fact that the expense of laying out a road fell by force of the assessment upon one party.

So long as the party who may be aggrieved does not complain, it is not necessary to consider this question.

Wanmaker's remedy, if dissatisfied with the assessment of damages made to him, was by application to the Common Pleas for the appointment of freeholders to review the assessment.

It is manifestly of much benefit to the Erie Railroad Company to have the change made in the public road, and even if it refused to pay the excess of benefits, the assessment for benefits would operate to offset its claim for damages assessed to it.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, HENDRICKSON, PITNEY, ADAMS, VREDENBURGH, VOORHEES, VROOM. 12.

*For reversal*—None.