### TREAT v. CITY OF CHICAGO et al.

(Circuit Court of Appeals, Seventh Circuit.   May 4, 1904.)

#### No. 1,057.

1. FEDERAL COURTS—FOLLOWING STATE DECISIONS—VALIDITY AND CONSTRUCTION OF STATUTE.

The decision of the Supreme Court of a state, holding a local improvement statute valid under the state Constitution, is binding on a federal court in a suit involving an assessment made after such decision was rendered; and decisions construing and applying its provisions, although made after such assessment, will also be followed unless under exceptional circumstances.

2. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—ESTOPPEL.

A property owner who permitted street improvements for which his property was subject to assessment to be made under a contract containing illegal provisions which increased the cost, without objection, the cost of the work, however, being within the assessment of benefits, and who does not offer to pay his share of the just cost, has no standing in a court of equity to enjoin the collection of any part of his assessment.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

For opinion below, see 125 Fed. 644.

George W. Willus, for appellant.
Edgar B. Tolman, for appellees.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

PER CURIAM.   Appellant's bill to enjoin appellees from proceeding to obtain in the county court of Cook county, Ill., a judgment of sale of certain of appellant's realty in Chicago for failure to pay a special assessment for paving the street in front thereof, was dismissed for want of equity.

Three grounds for reversal are pressed in argument.

1. It is claimed that the local improvement statute under which the special assessment in question was made contravenes the Illinois Constitution.   Appellant came into the federal court in Illinois solely by virtue of his citizenship of New York.   The suit involves the application of Illinois statute law to Illinois real estate; and the decision of the Illinois Supreme Court (Givins v. City of Chicago, 188 Ill. 348, 58 N. E. 912), pronounced before the assessment in question was made, and ever since adhered to, that the local improvement act

¶ 1. State laws as rules of decision in federal courts, see notes to Griffin v. Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

See Courts, vol. 13, Cent. Dig. § 961.

conforms to the requirements of the state Constitution, must be our governor and guide. Jackson v. Chew, 12 Wheat. 153, 6 L. Ed. 583; Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, 27 L. Ed. 359.

2. The first resolution of the board of local improvements failed to give an itemized estimate of the cost, as required by the statute. Appellant insists that this omission subjects to collateral attack the judgment of the county court, rendered after due notice to appellant, which declared and fixed the assessment of benefits to appellant's property. But the Supreme Court of Illinois has decided the question otherwise; and correctly, too, we think. Gage v. The People, 207 Ill. 61, 69 N. E. 635.

3. The contract under which the pavement was laid contained certain illegal provisions, on account of which the bid was higher and the work cost more than it would if the illegal features had been omitted. How much more the record does not disclose. But the cost was within the assessment of benefits. And appellant not only fails to offer to pay his proportionate share of the just cost, but demands that the city be perpetually enjoined from collecting anything on account of the improvement.

Appellant might have enjoined the city from entering into the illegal contract, or the contractor from doing the work thereunder. In either event, a legal contract could thereafter have been made, and appellant could not then have escaped paying so much of the confirmed assessment as would have been necessary to meet his pro rata share of the cost under the legal contract. His equities certainly are not enlarged by having waited until his property has received the benefits of the improvement. To aid a property owner under such circumstances to escape without paying anything would be offering a premium upon delay through carelessness or through bad faith. Givins v. The People, 194 Ill. 150, 62 N. E. 534, 88 Am. St. Rep. 143.

The decree is affirmed.