9491

WESLEY M. E. CHURCH v. CITY OF COLUMBIA.

(89 S. E. 641.)

Municipal Corporations— Improvements— Assessments— Exemptions— Churches—"Tax."—Exemption of churches from taxation by direct provision of Const. 1895, art. X, sec. 4, does not include exemption from assessment for pavement in front of church property, for an assessment is not a tax within the meaning of the Constitution.

Before Bowman, J., Columbia, December, 1915. Affirmed.

Action by the Wesley M. E. Church against the City of Columbia, to recover amount of assessment paid under protest. From judgment for defendant, plaintiff appeals.

*Mr. N. J. Frederick,* for appellant, cites: Const., art. X, sec. 4; Civil Code, sec. 294, subd. 2; 63 S. C. 7; Const., art.

Footnote.—As to the distinction between taxes and assessments, see *Jackson* v. *Breeland,* 103 S. C. 184, 88 S. E. 128; liability to local assessments of property exempt from taxation, see notes in 15 A. & E. Ann. Cas. 349, 29 A. & E. Ann. Cas. 1913d, 1114, 35 A. & E. Ann. Cas. 1915a, 219, 18 L. R. A. (N. S.) 451, 32 L. R. A. (N. S.) 303, 44 L. R. A. (N. S.) 57.

X, sec. 3, art I, sec. 17; 34 Ill. 203 and 276; 4 Conn. 419; 53 Wis. 183; 29 Wis. 400; 45 Ala. 310; 93 Pa. 129; 2 Cooley Taxation (3d ed.) 1153. *Street assessment a tax:* 42 S. C. 293; 7 Md. 535; 9 Kan. App. 251; 104 Mass. 470; 117 Ill. 11. *Municipality cannot tax church property:* Civil Code, sec. 3011; *which is exempt:* Const., art. X, sec. 13; 1 Cooley Taxation (3d ed.) 355 and 502. *Repeals by implication not favored:* 39 S. C. 5; 74 Miss. 821.

*Mr. C. S. Monteith,* for respondent, cites: *As to power of city to levy assessment:* Const., art. X, sec. 14; 27 Stats. 23 and 225. *As to exemption:* Const., art. X, sec. 4; 5 McQuillan Munc. Corp., sec. 2064; Cooley Const. Lim. (7th ed.) 740; 76 Ga. 181; 4 Dillon Munc. Corp., secs. 1431, 1444 and 1445; 42 S. C. 293; 131 Pa. St. 109; 143 Pa. St. 367; Page & Jones, Taxation by Assessment, sec. 588; 12 L. R. A. 852; 41 Neb. 358; 103 S. C. 184.

August 10, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal presents a single issue of law. It is not denied that if the pavement in issue had been put down before the lot of a citizen, that the citizen would be bound to pay for it. It is only denied that a like obligation rests on the plaintiff here, because the plaintiff is a church, and its property is by the fundamental law exempt from "taxation."

The charge in the instant case was not a tax within the meaning of the Constitution of 1895. That issue is thoroughly discussed, and decided adverse to the appellant, in *Railroad v. Decatur,* 147 U. S. 190, 13 Sup. Ct. 293, 37 L. Ed. 132.

The judgment below is affirmed.