### BALLENTINE v. CITY OF COLUMBIA

#### (124 S. E., 643)

1. MUNICIPAL CORPORATIONS—OBJECTION REQUISITE NUMBER OF OWNERS DID NOT CONSENT TO IMPROVEMENT HELD NOT PRECLUDED BY RECITALS OF ORDINANCE.—In action to recover back assessment paid by plaintiff, under Act Feb. 17, 1911 (27 St. at Large, 23) on ground that written consent of two-thirds of owners was not filed with Clerk of Council as required by statute, it was no defense that it had been reported to Council that sufficient number had signed and that ordinance so declaring had been passed.

———————

Note: On loss of right to contest assessment in proceeding for street or sewer improvements by waiver, estoppel, or the like, see note in 9 A. L. R., 634.

2. MUNICIPAL CORPORATIONS—ABUTTING OWNER HELD ESTOPPED TO COMPLAIN OF LACK OF CONSENT OF OWNERS.—Abutting owner who received benefit of street improvement with full knowledge of making of improvement without objection, *held* estopped to deny validity of assessment, on ground that written consent of two-thirds of owners was not filed with Clerk of Council, as required by Act Feb. 17, 1911 (27 St. at Large, p. 23).

3. MUNICIPAL CORPORATIONS—IN ACTION TO RECOVER BACK ASSESSMENT, DEFENSE OF TRANSFER OF ASSESSMENT CERTIFICATE TO BONA FIDE HOLDERS HELD NOT DEMURRABLE.—In abutting owner's action to recover back assessment paid, defense that city had issued certificates representing assessments, under Act 1914 (28 St. at Large, p. 585), and that certificates had passed into hands of bona fide holders, had bearing on defense of estoppel by failure to object, also asserted against plaintiff, and should not have been dismissed on demurrer.

Before DEVORE, J., Richland, October, 1923. Affirmed as to first and second ground and reversed as to third.

Action by D. W. Ballentine against the City of Columbia. From an order sustaining first and third grounds of plaintiff's demurrer to defendant's answer and overruling the second ground, both defendants appeal.

*Mr. C. S. Monteith,* for appellant, cites: *Paving assessments authorized:* 27 Stat., 23; 28 Stat., 585. *Estoppel as to public work by silence where work benefits property of the plaintiff:* 77 Pac., 1920; 60 Atl., 651; 56 N. E., 91; 82 N. W., 495; 16 Pac., 332; 47 N. E., 1029; 96 N. W., 450; 20 Atl., 60; 22 Ohio Stat., 484; 38 Pac., 407; 76 Pac., 287; 77 N. W., 167; 130 Fed., 443; 194 U. S., 553; 9 A. L. R., 590; 9 A. L. R., 623; 9 A. L. R., 627. *Where no objection made as to number of signatures on petition right to urge objection after work done is lost:* 32 N. E., 1016; 21 N. E., 1083; 99 N. W., 18; 10 Mo. App., 285; 19 Atl., 1096; 48 Am. Rep., 438; 1 Ell., Roads and Streets, 3d Ed., Sec. 329; 69 S. E., 681; 194 U. S., 553; 6 Atl., 899; 123 S. C., 91.

*Messrs. Graydon & Graydon,* for respondent, cite: *Plaintiff not bound to protest in order to preserve his rights:* 2

Cooley, Taxation, 1518–19; 6 Dak., 397; 26 Ore., 294; 58 Neb., 245; 13 Texas Civ. App., 442; 3 Wash., 311; 61 Ohio Stat., 87; 54 Ohio Stat., 257; 59 Ark., 34; 88 N. W., 139; 88 N. W., 1018; 9 Mo. App., 26; 12 N. W., 290. *Taxes wrongfully collected may be recovered:* 99 S. W., 316.

July 19, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeals by both plaintiff and defendant from an order of his Honor, Judge DeVore, sustaining the first and third grounds of the plaintiff's demurrer to the defendant's answer and overruling the second.

The action is to recover from the City of Columbia the sum of $602.85, with interest from April 20, 1923, representing the amount of an assessment laid upon the abutting property of the plaintiff for street and sidewalk paving, under the Act of 1911 (27 Stat. at Large, page 23), paid by the plaintiff under protest, and alleged by him to have been illegally laid.

The sole ground of the alleged illegality and invalidity of the assessment is that the written consent of two-thirds of the owners of the property abutting upon the street and sidewalk proposed to be improved, which by the Act was required to be signed and filed with the Clerk of Council, as a condition precedent to the laying of the assessment was not so obtained and filed; that there were at least 30 abutting property owners and that the petitions were signed by not over 19 persons, some of whom were not abutting owners. The defendant's answer contains four defenses. (1) A general denial. (2) That the assessment was not laid "until it had been reported to the City Council that the petitions contained the names of two-thirds of the abutting property owners," and that in accordance therewith the ordinance was passed, declaring that such was the fact. (3) That the plaintiff was estopped by his conduct in allowing

the work to proceed, with knowledge of all of the facts, without protest, objection, or action on his part. (4) That by virtue of the Act of 1914 (28 Stat. at Large, page 585), the City had issued paving certificates representing the assessments due by abutting property owners, including the plaintiff, and that the same had passed into the hands of *bona fide* holders.

The plaintiff interposed a demurrer to the second, third, and fourth defenses set up in the answer, not demurring to the first, upon the following grounds: (1) Because the City of Columbia could not act upon a report, but must have ascertained the fact that a sufficient number of property holders had prayed for said paving and improvement before ordering the work to be done. (2) Because it was not incumbent upon the plaintiff, as a property holder on said street, to file any protest against said improvement, as he had the legal right to suppose that the City would obey the law in such cases made and provided. (3) Because the selling of the bonds in the alleged paving contract was without the knowledge or consent of the plaintiff, and he is in no way bound thereby.

His Honor, the Circuit Judge, signed an order (not dated in the record for appeal), without giving any reasons, sustaining the first and third grounds of the demurrer, and overruling the second. From this order both parties have appealed; the defendant from so much of it as sustained the first and third grounds, and the plaintiff from so much as overruled the second ground.

As to the first ground of demurrer: The plaintiff attacked the assessment upon the ground that the necessary proportion of the number of abutting owners had not signed the consent required by the statute, and specifically alleged that less than 19 of the 30 had signed the petitions. This allegation was denied by the general denial of the defendant; it was, therefore, an issue in the case. It was no defense to the failure to comply with this

condition precedent, if such was the fact, that it had been reported to the City Council that a sufficient number had signed, and that an ordinance so declaring had been passed. The demurrer was properly sustained upon this ground.

As to the second ground of demurrer: It appears that the petitions were filed on February 9, 1921; that the ordinance was passed soon thereafter; that the work has been completed and that certificates have been negotiated; that during that period, and until April 20, 1923, more than a year after the certificates were issued and sold to *bona fide* purchasers, the plaintiff, as alleged in the defense, demurred to, living upon the street improved, with full knowledge of all that was going on, received the benefit of the improvement, without a word of objection or protest.

The authorities are ample that, under these circumstances, the abutting owner will be estopped from contesting the validity of the assessment, upon a ground which he was informed of, or of which, with reasonable diligence, he would have been. *O'Dea v. Mitchell,* 144 Cal., 374; 77 Pac., 1020. *Fair Haven & W. R. Co. v. New Haven,* 77 Conn., 667; 60 Atl., 651. *Arnold v. Ft. Dodge,* 111 Iowa, 152; 82 N. W., 495. *Ritchie v. City of South Dakota,* 38 Kan., 368; 16 Pac., 332. *Atkinson v. Newton,* 169 Mass., 240; 47 N. E., 1029. *Nowlen v. Benton Harbor,* 134 Mich., 401; 96 N. W., 450. *State v. Rutherford,* 52 N. J. Law, 501; 20 Atl., 60. *Corry v. Gaynor,* 22 Ohio St., 584. *Clinton v. Portland,* 26 Or., 410; 38 Pac., 407. *Ferry v. Tacoma,* 34 Wash., 652; 76 Pac., 277. *State v. La Crosse,* 101 Wis., 208; 77 N. W., 167. *Treat v. Chicago,* 130 Fed., 443; 64 C. C. A., 645. *Shepard v. Barron,* 194 U. S., 553; 24 Sup. Ct., 737; 48 L. Ed., 1115. *Moore v. Yonkers,* 235 Fed., 485; 149 C. C. A., 31; 9 A. L. R., 590. *Damron v. City of Huntington,* 82 W. Va., 401; 96 S. E., 53; 9 A. L. R., 623. *Bailesville v. Holm,* 40 Okl., 467; 139 Pac., 273; 9 A. L. R., 627. *De Puy v. Wabash,* 133 Ind., 336; 32 N. E., 1016.

*Farr v. Detroit,* 136 Mich., 200; 99 N. W., 19. *Sheehan v. Martin,* 10 Mo. App., 285. *State v. Jersey City,* 52 N. J. Law, 490; 19 Atl., 1096. *Tone v. Columbia,* 39 Ohio St., 281; 48 Am. Rep., 438. *Schank v. Asheville,* 154 N. C., 40; 69 S. E., 681. *Pepper v. Philadelphia,* 114 Pa., 96; 6 Atl., 899. *Sullivan v. Charleston,* 123 S. C., 91; 116 S. E., 104. *Lucas v. Barringer,* 120 S. C., 68; 112 S. E., 746.

As to the third ground of demurrer: The matter referred to in the fourth defense, while not sufficent in itself to thwart the attack of the plaintiff upon the validity of the assessment, has a bearing upon the defense of estoppel and should not, for that reason, have been dismissed upon demurrer.

The judgment of this Court is that the order of his Honor, Judge DeVore, be affirmed as to the first and second grounds of demurrer, and reversed as to the third.

MESSRS. JUSTICES WATTS, FRASER and MARION concur. MR. CHIEF JUSTICE GARY did not participate.