13730

SUTTON *ET AL.* v. TOWN OF FORT MILL *ET AL.*

(172 S. E., 119)

292 

 

*Messrs. Hart & Moss,* for appellants, 

*Messrs. Hemphill & Hemphill* and *W. B. Mack,* for re-
spondents, 

December 8, 1933.

The opinion of the Court was delivered by MR. W. C.
COTHRAN, ACTING ASSOCIATE JUSTICE.

Prior to the commencement of this action, the Town of
Fort Mill, through its treasurer, placed in the hands of the

chief of police of said town an instrument, in writing, in the form of a tax execution, requiring the collection from the plaintiffs herein of the sum of $2,180.43 by levy and sale, if necessary, of the real estate of the plaintiffs as described in the instrument. This was on February 24, 1933.

On April 17, 1933, this action was brought; the object being an injunction against the town to prevent the contemplated levy and sale. Upon a rule to show cause why a temporary injunction should not be granted, the Circuit Judge passed an order granting the temporary injunction, and from that order this appeal is taken.

The three exceptions presented by the appealing town embrace the single question as to the correctness of the order of the Circuit Judge in granting the temporary injunction. It will therefore be necessary to review some of the facts in order that a proper understanding of this issue may be presented.

The Town of Fort Mill wished to improve White or Depot Street, both names being applicable to the same street, by paving the same, and to this end passed an ordinance on April 19, 1923. The ordinance conformed to the statutory requirements, and was in all respects regular. The street was paved, and later demand was made for payments of the assessments. At the present time, we are not concerned with the reasons set forth in the complaint as to why those assessments should not be paid, all of which will be fully presented when the case is heard on its merits. The sole question is whether or not the temporary injunction should have been granted.

The contention of the town is that the only remedy which the plaintiffs had was to pay the amount of the assessment, under protest, and bring suit to recover. The town also contends that the paving assessment is in the nature of a tax, and that, under the law, an injunction cannot be issued to prevent the collection of a legal tax. These conten-

tions are founded upon Sections 2845, 2846 and 2847 of the Code.

The contention of the plaintiffs is that the paving assessment is not a tax and that the provisions of the aforesaid sections of the Code have no application. They further contend that injunction is not only the proper remedy, but is their only remedy.

Many cases have been brought to this Court relative to payments of assessments under protest, followed by suits to recover, but the point seems never to have been raised before that such is not the proper remedy. Such was the procedure in *Wesley M. E. Church v. Columbia,* 105 S. C., 303, 89 S. E., 641; *Ballentine v. Columbia,* 129 S. C., 410, 124 S. E., 643; *Platt v. Columbia,* 131 S. C., 89, 126 S. E., 523.

Even as late as April of this year the case of *Farrow v. City of Charleston,* 169 S. C., 373, 168 S. E., 852, was predicated on this idea.

That the assessment for street paving is not a tax under the constitutional meaning is held in *Wesley M. E. Church v. Columbia, supra.* This is conceded by both sides to this controversy. The distinction between a tax and an assessment is thus stated in *Jackson v. Breeland,* 103 S. C., at page 190, 88 S. E., 128, 130: "Taxes, in the strict sense of the word, are imposed upon all property, both real and personal, for the maintenance of the government, or some division thereof, while assessments are laid only on the property to be benefited by the proposed improvements. This is the vital distinction running through all the cases."

It does not appear from a careful examination of the statutes pertaining to the levy and payment of assessments that there is any provision for the payment under protest and a later suit to recover. In the absence of such a remedy, this Court cannot supply one. Under the general provision of law, a payment under protest will protect the payer from the charge of having made a volun-

tary payment and permits a suit for money had and received, an entirely different form of action from the statutory "payment under protest and suit to recover." But even this could hardly be considered such an adequate legal remedy as would deny the plaintiffs their right to enjoin the sale and possible sacrifice of their property for an assessment which they claim they do not owe. If, therefore, the plaintiffs do not owe the assessment because, as alleged in their complaint, the payment is barred by time and the lien upon their property is lost for the same reason, then the collection of same and the sale of their property would be illegal, and the Courts have never been denied the power to enjoin the collection of an illegal tax. *Ware Shoals Mfg. Co. v. Jones,* 78 S. C., 211, 58 S. E., 811.

There being no statute forbidding an injunction against the collection of an assessment, and adopting the view, temporarily perhaps, that an assessment is not a tax, we see no reason why the order of the Circuit Judge was not proper.

The order of the Circuit Judge is therefore affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.