against the Æthna Accident & Liability Company, for and on account of the bond hereinafter set out. The Circuit Judge directed a verdict for the Æthna Accident & Liability Company, whereupon the said H. P. Troy, L. V. Josey, J. G. Senn, Summerton Hardware Company, and George D. Shore & Bro. served due and proper notice of appeal to the Supreme Court of South Carolina."

The exception is:

"The bond in question having been filed in the Court of Magistrate, a judgment should have been given according to the justice of the case, without regard to technical errors and defects which do not affect the merits, and the Circuit Judge, therefore, erred as a matter of law in directing a nonsuit, and should, as a matter of law, have directed a verdict for the plaintiffs according to the intent and purpose of said bond."

The exception must be overruled, as it appears no judgment was recovered against the Cleveland Manufacturing Company, and these appellants in their respective actions by their counsel, asked for no judgments as against the Cleveland Manufacturing Company, which was duly ordered by the Magistrate.

Judgment affirmed.

---

11083

STEVENSON *ET AL.* v. CARRISON, MAYOR, *ET AL.*

(115 S. E., 251)

1. CONSTITUTIONAL LAW—CONFERENCE COMMITTEE REPORT ON PRO-POSED AMENDMENT TO JOINT RESOLUTION NEED NOT BE ADOPTED BY YEA AND NAY VOTE.—Where proposed amendment to joint resolution proposing constitutional amendment involved amendment of the joint resolution only as to the form in which the constitutional amendment should be submitted to the voters, it was not necessary that the report of the conference committee, to which the proposed amendment to the joint resolution was referred for report, should be adopted by the Senate by a yea and nay vote under Const. Art. 16, § 1.

2. CONSTITUTIONAL LAW—ERRONEOUS READING COULD NOT BE SHOWN BY LEGISLATIVE JOURNALS.—Where joint resolution proposing amendment to Const. Art. 8, § 7, exempting the town of Clinton and the city of Camden from the limitations of municipal indebtedness fixed by Const. Art. 8, § 7, and Article 10, § 5, was entered at least once upon the House and Senate Journals with a yea and nay vote, and from said Journals it appeared that the original joint resolution proposing the conference committee amendment referring only to the town of Clinton was regularly passed by the required two-thirds yea and nay vote, and so entered in the Senate Journal, and that said joint resolution on the second reading in the House was, by the necessary two-thirds yea and nay vote, amended by adding the city of Camden, and so entered in the House Journal, and the joint resolution was duly ratified, signed by the President of the Senate and Speaker of the House, and approved by the Governor with the great seal of the State impressed thereon, *held,* that it could not be shown by reference to the legislative journals that at the third reading in the House of the amended joint resolution it was read under its original title referring only to the town of Clinton, and that the city of Camden was not named in the title or body of the Act as required by Const. Art. 16, § 1.

Before MAULDIN, J., Kershaw, November, 1922. Affirmed.

Action by R. E. Stevenson and others against H. G. Carrison, Jr., as Mayor, and the Aldermen of Camden. Judgment for defendants, and plaintiff appeals.

The decree of Judge Mauldin was as follows:

This action was commenced by the plaintiffs, taxpayers and citizens, of the city of Camden, S. C., in their own behalf and that of all the taxpayers of said city, wherein it is sought to obtain a perpetual injunction against said city and its council, to enjoin a bond issue to the amount of $115,000; the city having heretofore issued and sold $85,000 of bonds, being a part of a $200,000 issue petitioned for by the freeholders, and thereafter voted for by a majority of the qualified voters of said city. The $85,000 of bonds already sold are not involved in this proceeding. The city council of Camden, desiring to issue said bonds for street improvement, submitted to the qualified voters the question of whether said bonds should be issued.

The result of the election thereon was declared in favor of the issue. Some question arose as to the validity of such bond issue, and this action was instituted to determine that question. The plaintiffs contended that the proposed bond issue would be invalid in so far as it undertakes to exempt said city from the limitations of indebtedness, based on the assessed value of the taxable property in said city, provided for by Section 7, Article 8, and Section 5, Article 10, of the Constitution; that the amendment to Section 7, Article 8, exempting the city from the limitations of said sections of the Constitution, was not passed in accôrdance with the requirements of Section 1, Article 16, of the Constitution, which requires all Joint Resolutions proposing constitutional amendments to be passed by a yea and nay vote; as appears by the Senate and House Journals of 1910, the proposed amendment was referred to a conference committee for report. The amendment to·the Joint Resolution, as proposed by the conference committee, involved only the question· of the form in which said constitutional amendment should be submitted to the voters. The report of the conference committee was· adopted by the Senate without á yea and nay vote. As to whether the proposed bond issue would increase the bonded indebtedness of the city of Camden in violation of Section 7, Article 8, and Section 5, Article 10, of the Constitution, depends wholly upon the validity of the constitutional amendment, proposed by the Joint Resolution, and amendment thereto passed by the General Assembly at the 1910 session, which constitutional amendment undertook to exempt said city from the limitation of both sections.

It will be observed that the conference committee report submitted an amendment to the Joint Resolutions relating only to the method of submission of the question to the voters of the State, and contained no provision affecting the main purpose of the Joint Resolution. It would therefore be a sacrifice of substance to· form to hold that a yea

and nay vote was necessary upon the consideration of the amendment proposed by the conference committee.

With respect to the contention by plaintiffs that at
2   the third reading in the House of the amended Joint
Resolution same was read under its original title referring only to the town of Clinton, and that the city of Camden was not named in the title or body of the Act, as required by Section 1, Article 16, of the Constitution, the plaintiff offered in evidence all entries in the House and Senate Journals of 1910 relating to the passage of said Joint Resolution; upon objection to the evidene as a whole, the objection was sustained under authority of the case of *Lucas v. Barringer, Mayor, et al.,* reported in Southeastern Reporter Advance Sheets of date August 26, 1922, for the reason that the Joint Resolution was entered at least once upon the House and Senate Journals with a yea and nay vote thereon; that the original Joint Resolution proposing the said conference committee amendment, referring only to the town of Clinton, was regularly passed by the required two-thirds yea and nay vote, and so entered in the Senate Journal; that said Joint Resolution, on the second reading in the House, was by the necessary two-thirds yea and nay amended, by adding the city of Camden and so entered in the House Journal.

I hold that such entries fulfill the Constitutional requirements, and, the Joint Resolution having been duly ratified, signed by the President of the Senate and Speaker of the House, approved by the Governor, with the great seal of the State impressed thereon, this Court cannot inquire as to what the Journals of the two Houses may show as to the successive steps that may have been taken in the passage of the original Joint Resolution.

It is conceded and the evidence shows that all proceedings subsequent to the ratification of the Constitutional amendment by the General Assembly, exempting the city of Camden from the limitations imposed by Section 7, Article 8,

and Section 5, Article 10, of the Constitution are regular and comply with all requirements of the law applicable thereto as to said bond issue.

For the foregoing reasons it is ordered that the complaint be dismissed, and the injunction sought be refused.

*Mr. E. D. Blakeney,* for appellants, cites: *Joint Resolution (House J.* 1910, *p.* 669) *did not properly exempt Camden from tax limitations:* Const. 1895, Art. 8, Sec. 7, Id. Art. 3, Sec. 17; Id. Art 16, Sec. 1.

*Mr. L. A. Wittkowsky,* for respondents, cites: *Joint Resolution of* 1910 *properly passed:* 39 S. C., 307; 114 S. C., 419.

December 29, 1922.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by his Honor Judge Mauldin, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

---

## 11085

### GIBSON v. HAYNIE, COUNTY TREASURER
(115 S. E., 298)

TAXATION—INCREASE OF VALUATION WITHOUT NOTICE AND OPPORTUNITY TO APPEAL ERRONEOUS.—Where the assessed valuation of property for taxation is increased without notice to the owner, it is error to force collection of the increased taxes before allowing him an opportunity to appeal to the tax board of review (Act. Feb. 25, 1916 [29 St. at Large, p. 961] § 12), though it is contended that the increased assessment is so much less than the actual value of the property that the owner was not prejudiced by failure to give notice; that being a mere assumption of a fact, which the owner is entitled to have tried on proper notice by the board of review.

Before GARY J., Florence.    November, 1921.    Affirmed.

Action by R. A. Gibson as administrator D. B. N., C. T. A. of N. S. Gibson, deceased, against Charles T. Haynie, as