### PLATT v. CITY OF COLUMBIA

#### (126 S. E., 523)

MUNICIPAL CORPORATIONS—ABUTTING OWNER HELD ·ESTOPPED TO RECOVER ASSESSMENT.—Owner of land abutting on street who made no objection to improvement on ground that sufficient written consent of owners was not obtained and filed, under Act˙Feb. 17, 1911 (27 St. at Large, p. 23), passed pursuant to Const. Amend., ratified by Act Feb. 3, 1911 (27 St. at Large, p. 225), though he knew that the work was in progress and that his property would be assessed, was estopped to recover amount of assessment paid under˙protest, even if assessment was a tax, within Civ. Code, 1922, §§ 511, 512, 513, making action to recover tax paid under protest exclusive remedy.

Before BONHAM, J., Richland, 1923. Reversed and remanded.

Action by Marion N. Platt against the City of Columbia. Judgment for plaintiff and defendant appeals.

*Messrs. C. S. Monteith* and *E. W. Mullins,* for appellant, cite: *Abutting property owner estopped from contesting validity of assessment:* 124 S. E., 643 Vol. III, Code 1922, Sec. 511. *Does not apply to permanent improvements:* 25 R. C. L., 566; 103 S. C., 184; Elliott on Roads & Streets (2d Ed.) Sec. 543; 105 S. C., 303; Cooley Taxation (3rd Ed.) Vol. 2; 1153; Judson on Taxation Sec. 355; McQuillan on Mun. Crop. Sec. 522; 1 Desty on Taxation 4; 25 R. C. L. Sec. 2, 40-41; 25 Am. Eng. Ency.˙L., 1168.

*Messrs. Graydon & Graydon,* for respondent, cite: *Taxes:* Code 1922, Sec. 4506, 4513. *Paid under protest:* Code 1922, Sec. 511, 512; 71 S. C., 231; 77 S. C., 528.

February 12, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action to recover of the City of Columbia the sum of $113.55, with interest, representing the amount of an assessment laid upon the abutting property of the plaintiff for

street and sidewalk paving, under the Act of February 17, 1911, (27 Stat. 23), passed pursuant to a constitutional amendment ratified by Act of February 3, 1911 (27 Stat. 225), paid by the plaintiff under protest, and alleged by him to have been illegally laid.

In this case, as in the case of *Ballentine v. City of Columbia,* 124 S. E., 643, recently decided by this Court—

"The sole ground of the alleged illegality and invalidity of the assessment is that the written consent of two-thirds of the owners of the property abutting upon the street and sidewalk proposed to be improved, which by the act was required to be signed and filed with the clerk of council, as a condition precedent to the laying of the assessment, was not so obtained and filed; that there were at least 30 abutting property owners and that the petitions were signed by not over 19 persons, some of whom were not abutting owners."

Among other defenses set up by the city was the defense that the defendant was estopped by his conduct in allowing the city to commence and proceed with the work to completion and to issue and sell on that account paving certificates or bonds of indebtedness to innocent third parties, with full knowledge of all of the facts, without protest, objection, or action on his part.

On the trial of the cause among the facts developed, as admitted in the record, were these: That the petition upon which the improvement was ordered by the city did not contain the names of two-thirds of the abutting property owners, but that an ordinance had been adopted by the city council, declaring that said petition had been signed by a sufficient number of abutting property owners, and ordering the work to be done; that the plaintiff did not, nor did any one on his behalf, file any objection, either verbal or written with the city council or seek any remedy in the Courts to prevent the improvement being made until long after the work was completed; that, although he lived upon the street, knew that the work was in progress and that his property

would be assessed in proportion to its frontage, he remained ·silent and allowed the work to proceed; and that the city had sold paving assessment certificates, or bonds, evidencing the unpaid assessments against the abutting property, including the assessment of the plaintiff, and that said certificates were now in the hands of innocent purchasers for value.

The trial Judge refused a motion to direct a verdict for defendant and granted plaintiff's motion for the direction of a verdict for the full amount sued for. The conclusion of the learned Circuit Judge appears to have been expressly predicated upon the view that, since the collection of taxes cannot be stayed by injunction, with or order issued by the Courts (3 Code, 1922, § 511), and the remedy of paying under protest and suing to recover is exclusive (3 Code, 1922, §§ 512, 513), in an action to recover taxes on the ground that they were "wrongfully or illegally collected," it appearing that the tax had been illegally imposed, the doctrine of estoppel as against the taxpayer was not available as a defense to the governmental authorities.

In that view we find ourselves unable to concur. Irrespective of whether the assessment here involved was such a tax as confined the abutting property owner to the exclusive remedy provided by the statutes in question (as to which see *Jackson v. Breeland,* 103 S. C., 184; 88 S. E., 128; Elliott on Roads and Streets [2d Ed.] § 543), we are of the opinion that the defense of estoppel was clearly available to the city in the case at bar. In the case of *Ballentine v. City of Columbia, supra,* an action of exactly similar character to that at bar and involving apparently the same facts, the point was clearly raised by a demurrer to the answer of the city setting up the defense of estoppel based upon essentially the same facts. This Court sustained the Circuit Judge's order overruling the plaintiff's demurrer to that defense, and, in that connection, said (Cothran, A. J.) :

"As to the second ground of demurrer: It appears that the petitions were filed on February 9, 1921; that the ordi-

nance was passed soon thereafter; that the work has been completed and that certificates have been negotiated; that during that period, and until April 20, 1923, more than a year after the certificates were issued and sold to *bona fide* purchasers, the plaintiff, as alleged in the defense demurred to, living upon the street improved, with full knowledge of all that was going on, received the benefit of the improvement, without a word of objection or protest. The authorities are ample that, under these circumstances, the abutting owner will be estopped from contesting the validity of the assessment, upon a ground which he was informed of, or of which, with reasonable diligence, he would have been."

In support of that proposition the Court cites numerous authorities from many jurisdictions, including our own comparatively recent cases of *Sullivan v. Charleston,* 123 S. C., 91; 116 S. E., 104, and *Lucas v. Barringer,* 120 S. C., 68; 112 S. E., 746. It follows that the defense of estoppel was available to the defendant in this action.

If so, appellant insists that the undisputed facts fully make out that defense and that the defendant's motion for a directed verdict should have been granted. The admitted facts as to the plaintiff's conduct, which are hereinabove set out, are essentially, if not identically, the same facts which this Court held sufficient to establish the defense of estoppel in the *Ballentine Case.* The conclusion is therefore irresistible that the defendant's contention must be sustained. That conclusion is, as we think, not only required by the authority of the *Ballentine Case,* but is soundly grounded in ethics and reason. The assessment upon the abutting property owner for a public improvement of this character is laid upon the valid theory of benefit to the property of the owner. One may not in good conscience stand silently by, see such an improvement made, reap the benefit, and then be permitted to escape payment of the reasonable "price" upon the ground that there was illegality in the proceedings of the

governmental authorities, when he knew of such illegality, or, by the exercise of reasonable diligence, could have known of it in time to protest or take appropriate action in the Courts to restrain the prosecution of an unlawful undertaking on the part of the public authorities. In the situation of the plaintiff here we think the facts are susceptible of no other reasonable inference than that he knew of the alleged illegality, or, by the exercise of reasonable diligence, could have ascertained it in ample time to call the defect to the attention of the city authorities, to enter an effective protest, or to take action in the Courts, not to restrain the levy or collection of a tax, but the prosecution to his injury of an unlawful public enterprise. The means of knowledge and the duty of using them are equivalent to knowledge (*Cardova v. Hood,* 17 Fall., 1; 21 L. Ed., 587), and that in the plaintiff's situation he had the means of knowledge and owed the duty of using, we think, the facts leave no room for reasonable doubt.

For the reasons indicated, appellant's exceptions assigning error on the part of the Circuit Court in refusing to direct a verdict for the defendant, upon the ground that the plaintiff was estopped to raise the issue of illegality in this action, must be sustained.

The judgment of the Circuit Court is reversed, and the cause remanded for the entry of the appropriate judgment under rule 27 of this Court.

Reversed.

MESSRS JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.