## 11811

### BALLENTINE v. CITY OF COLUMBIA

#### (129 S. E., 82)

1. MUNICIPAL CORPORATIONS—STATUTES REQUIRING ELECTION ON STREET IMPROVEMENTS, HELD INAPPLICABLE TO CITY OF COLUMBIA.—Civ. Code, 1922, §§ 4506-4512, requiring election as to street improvement, *held* inapplicable as to City of Columbia, in view of Section 4513, and Const. Art. 10, § 14, adopted February 3, 1911, and Acts 1911, p. 23, enacted pursuant thereto, authorizing specified cities, including Columbia, to order improvements on petition of owners of abutting property.

2. MUNICIPAL CORPORATIONS—STATUTE REQUIRING ELECTION ON STREET IMPROVEMENTS, UNCONSTITUTIONAL, IF APPLIED TO CITY ENTITLED BY CONSTITUTION TO ORDER IMPROVEMENTS ON PETITION OF ABUTTING OWNERS.—Civ. Code, 1922, §§ 4506-4512, requiring election as to street improvements, if construed applicable to City of Columbia, would violate Const. Art. 10, § 14, adopted February 3, 1911, authorizing certain cities, including Columbia, to order improvements on petition of abutting owners.

3. MUNICIPAL CORPORATIONS—ABUTTING OWNER MAY BE ESTOPPED TO DENY VALIDITY OF ASSESSMENT FOR FAILURE TO HOLD STATUTORY ELECTION.—Abutting owner may be estopped from contesting validity of street assessment on ground that election as to whether improvement should be made was not held as required by Civ. Code, 1922, §§ 4506-4512.

4. MUNICIPAL CORPORATIONS—OWNER MAY BE ESTOPPED TO DENY VALIDITY OF ASSESSMENT HELD UNCONSTITUTIONAL AS TO OTHER

OWNERS.—Owner may waive or by his conduct estop himself from disputing his liability for an assessment on his property, even where it has been held to be unconstitutional in respect to other landowners whose property was similarly situated.

Before FEATHERSTONE, J., Richland, February, 1925. Affirmed.

Action by D. E. Ballentine against the City of Columbia. Judgment for defendant and plaintiff appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Bonds for paving:* Civ. Code, 1922, Secs. 4506-4512. *Estoppel:* 12 S. C., 314; 13 S. C., 355; 42 S. C., 348; 16 Cyc., 734. *Invalid bonds:* 23 S. C., 57. *Protection from illegal assessment:* 91 S. C., 81; 88 S. C., 249. *Validity of tax:* 34 S. C., 242.

*Messrs. C. S. Montieth* and *E. W. Mullins,* for respondent, cite: *Case governed by:* 124 S. E., 643, and 126 S. E., 523. *Protests to governing body:* 123 S. C., 91. *Bonds for paving in Columbia:* Civ. Code, 1922, Sec. 4513; Const. of 1895, Art. X, Sec. 14, Acts of 1911, page 23. *Estoppel against landowner:* 194 U. S., 553; 48 L. Ed., 1115; 114 P. 96; 6 Atl., 899.

July 27, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action to recover from the City of Columbia the sum of $602.85, with interest from April 20, 1923, representing the amount of an assessment laid upon the abutting property of the plaintiff for street and sidewalk paving, paid by the plaintiff under protest, and alleged by him to have been illegally laid.

This is a second appeal. The former is reported in 129 S. C., 410; 124 S. E., 643. In that appeal both parties complained of an order of Hon. J. W. DeVore, Circuit Judge, sustaining certain grounds of demurrer interposed by the plaintiff to the defendant's answer and overruling

another. This Court affirmed the order in certain particulars and reversed it in another. The main point decided was that an abutting owner will be estopped from contesting the validity of an assessment for street improvement upon a ground which he was informed of while the work was in progress, or of which with reasonable diligence he would have been.

Upon remand the case was tried before Hon. C. C. Featherstone, Circuit Judge, and at the close of the evidence he directed a verdict in favor of the defendant, refusing a similar motion by the plaintiff.

At the trial the plaintiff was allowed to amend his complaint by alleging that the assessment was laid under the act of 1919 (31 Stat. 140) instead of under the act of 1911 (27 Stat. 23) as alleged in his original complaint.

In directing a verdict, the Circuit Judge said:

"The decision of the Supreme Court which I am bound to follow holds that the doctrine of estoppel is good, and it was the duty of these property owners to take some action to stop this thing; that they did not have the right to sit down there and allow the paving to be completed and get the benefit of it and then refuse to pay for it. It seems to me the *only question now is whether there is any proof of such protest as could be submitted to a jury, and I don't think there is, and under the decision of the Supreme Court I am bound to direct a verdict for the defendant."

In the case of *Platt v. Columbia* (S. C.), 126 S. E., 523, which involved the identical paving as to which the present complaint is made, the Court said:

"The assessment upon the abutting property owner for a public improvement of this character is laid upon the valid theory of benefit to the property of the owner. One may not in good conscience stand silently by, see such an improvement made, reap the benefit, and then be permitted to escape payment of the reasonable 'price' upon the ground that there was illegality in the proceedings of the governmental au-

thorities, when he knew of such illegality, or, by the exercise of reasonable diligence, could have known of it in time to protect or take appropriate action in the Courts to restrain the prosecution of an unlawful undertaking on the part of the public authorities.  In the situation of the plaintiff here we think the facts are susceptible of no other reasonable inference than that he knew of the alleged illegality, or, by the exercise of reasonable diligence, could have ascertained it in ample time to call the defect to the attention of the city authorities, to enter an effective protest, or to take action in the Courts, not to restrain the levy or collection of a tax, but the prosecution to his injury of an unlawful public enterprise.  The means of knowledge and the duty of using them are equivalent to knowledge (*Cordova v. Hood,* 17 Wall, 1; 21 L. Ed., 587), and that in the plaintiff's situation he had the means of knowledge and owed the duty of using, we think, the facts leave no room for reasonable doubt."

The pivotal question then is whether or not the evidence in opposition to the defendant's theory of estoppel was sufficient to send the case to the jury.

The only evidence of any protest from any one is contained in the testimony of Platt, an abutting owner similarly situated; none at all from the plaintiff directly.  It does not show that Platt represented him in the transaction; and, even if he did, this Court has held in the case of *Platt v. Columbia,* 126 S. E., 523, an exactly similar case, involving the same assessment, that the alleged protest of Platt was not sufficient to relieve him of the defense of estoppel interposed by the defendant.  If not, it certainly was not sufficient to relieve the plaintiff in this case.  It is necessary only to refer to the *Platt Case* to show that the Circuit Judge was correct in his ruling.

The appellant, however, contends that the entire proceeding was void for the failure of the city to order an election, as required by sections 4506 to 4512, vol. 3, Code 1922, and that the plaintiff cannot be held estopped to deny the validity of a void proceeding.

The sections referred to are not applicable to the
City of Columbia; they are portions of the act of
1919 (31 Stat., 140). Section 4513 of the Code
provides:

"The provisions of sections 128 to 134 [4506 to 4512,
relating to the assessment of abutting property owners for
permanent street improvements], inclusive, shall not apply
to any city or incorporated town which has heretofore under
special constitutional amendment and act in pursuance there-
of provided for the issue of bonds and assessments of abut-
ting property for * * * street improvements."

The City of Columbia in assessing abutting property for
street improvement is operating under section 14, article 10,
of the Constitution, adopted February 3, 1911, and which
reads as follows:

"The General Assembly may authorize the corporate au-
thorities of the cities of Greenville, Spartanburg, and Colum-
bia, and the town of Manning, to levy an assesment upon
abutting property for the purpose of paying for permanent
improvements on streets and sidewalks immediately abutting
such property: Provided, that said improvement be ordered
only upon the written consent of two-thirds of the owners of
the property abutting upon the street, sidewalk or part of
either proposed to be improved, and upon condition that
said corporate authority shall pay at least one-half of the
costs of such improvements."

And the Acts of 1911, p. 23:

"That the cities of Columbia and Greenville and the town
of Manning are authorized to provide by ordinance for the
payment of the cost of the permanent improvement of their
streets and sidewalks, by laying upon the owners of property
immediately abutting on the streets and sidewalks so im-
proved an assessment in proportion to the frontage only of
such property on said streets or sidewalks, or parts thereof,
so improved, of not exceeding in the aggregate one-half of
the cost of such improvements: Provided, that no assess-
ment shall be so laid upon the abutting property owners until

such improvements have been ordered pursuant to such ordinance upon the written consent, signed and filed with the clerk of council, of two-thirds in number of the owners of the property abutting upon the street, sidewalk, or part of either proposed to be improved, and provision made for the payment out of the city or town treasury of not less than one-half of the costs of such improvement. Times and terms of payment and rates of interest on deferred payments of assessments by lot owners may be agreed upon as prescribed by ordinance."

The act of 1919 upon which appellant now seeks to rely, his case having been first started under the act of 1911, states distinctly that it does not apply to those cities "which have heretofore under special constitutional amendments and acts in pursuance thereof provided for the issue of bonds and assessments of abutting property for permanent street improvement."

Columbia clearly falls within the excepted class. The act of 1919, if applied to the City of Columbia, would violate the terms of the constitutional amendment under which Columbia is operating, because the constitutional amendment permits the assessment upon petition of abutting owners and does not require a vote of the people. Any statute which requires a vote of the entire electorate of the city before the assessment can be laid would nullify the provisions of the constitutional amendment which authorizes the assessment upon petition of abutting owners.

Even if appellant should be correct, which we do not concede, and the election should have been, but was not, held, this is only an additional ground of illegality which appellant knew of or could have known of, and the defense of estoppel applies with equal force to this ground of objection. In *Shepard v. Barron,* 194 U. S., 553; 24 S. Ct., 737; 48 L. Ed., 1115, the Supreme Court of the United States says:

"Provisions of a constitutional nature intended for the protection of the property owner, may be waived by him,

not only by an instrument in writing, upon a good consideration, signed by him, but also by a course of conduct which shows an intention to waive such provision, and where it would be unjust to others to permit it to be set up." .

A landowner may waive or by his conduct estop himself from disputing his liability for an assessment upon his property, even where it has been held to be unconstitutional in respect to other landowners whose property was similarly situated. *Pepper v. Philadelphia,* 114 Pa., 96; 6 A., 899.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.