16348

PALMER v. DUNN *ET AL.*

(59 S. E. (2d) 158)

*Mr. R. Kirk McLeod,* of Sumter, *for Petitioner,* 

*Messrs. Nash & Wilson, of Sumter, for Respondents,*

April 26, 1950.

STUKES, Justice.

School District No. 17 of Sumter County has bargained to issue and sell $275,000.00 general obligation bonds to be dated April 1, 1950. Petitioner challenges the validity of the portion of the issue which will exceed the limitation contained in section 5 of Art. X of the State Constitution of 1895 which prescribes eight per centum of the value of all taxable property as the limit of bonded indebtedness. This Court took original jurisdiction of the controversy because of its urgency and public importance. A single question is involved, as will be seen.

It was undertaken to amend the constitution in accord with the provision therefor in sec. 1 Art. XVI. The amendment proposal by the General Assembly appears as joint resolution No. 1161 of 1948, 45 Stat. 3079. After favorable vote of the people in the general election of that year the General Assembly of 1949 passed an act of ratification, No. 41. 46 Stat. 51.

The original proposal to amend was introduced in the Senate and affected two Sumter County school districts, *viz.*, numbers 17 and 34. It was in that form read in the Senate, referred to the Committee on Judiciary and thereafter reported favorably by it. On second reading and after entry upon the journal the Senate amended the resolution by including, in addition to school districts 17 and 34, the City of Sumter. In that form it was passed by unanimous aye and no vote with more than two-thirds of the elected membership voting. Thereafter the resolution, as amended, was passed on third reading by the necessary two-thirds of the Senate.

When the resolution reached the House of Representatives for action it was entered upon the journal in the amended form, passed first reading and on second reading it was amended by the House to eliminate from its provisions the City of Sumter and school district No. 34, so that

it became applicable only to school district No. 17. In that form it received the unanimous favorable vote of the House and more than the necessary two-thirds of the elected membership voted. After third reading there the resolution was returned to the Senate as amended by the House, whereby it affected only school district No. 17, and the Senate concurred by voice vote and ordered it enrolled for ratification. It was not entered on the journal of the Senate in its House-amended form and yea and nay vote was not taken in the Senate upon its concurrence with the amendment by the House. This recital of the proceedings in the Senate and House of Representatives is drawn from the agreed statement of facts before us.

The litigants state the question for decision as follows: "Has there been a proper entry upon the Journal of the Senate of a Resolution, proposing an Amendment to Section 5, of Article X of the Constitution, by enlarging the debt limit of School District No. 17 of Sumter County?" More precisely, it is whether the proposal by the Senate to amend the cited constitutional provision to alter the debt limit of two school districts of Sumter County and of the City of Sumter may have been amended by the House of Representatives to confine its effect to only one of the designated school districts without affecting its validity with respect to that district and without the necessity of the Senate repeating the procedure outlined in Sec. 1 of Art. XVI.

Affirmative answer to the question is found in the well-considered case of *Weeks v. Ruff,* 164 S. C. 398, 162 S. E. 450, 454, in which the *ratio decidendi* of that *en banc* decision is aptly stated in the concurring opinion of Judge J. Henry Johnson, as follows: "If a resolution passed by one branch of the assembly be so amended by the other as to broaden or enlarge the authority conferred by the resolution in its original form, the change is so material, substantial, and radical as to require the adoption of such amendment by

the originating body by a yea and nay vote; but, when an amendment by either branch of the assembly to a resolution passed by the other merely limits and restricts the scope of the authority conferred, the change made by such an amendment is not substantial or material in the sense that, when the same is returned to the body in which it originated, it must be agreed to by a yea and nay vote, recorded upon the journal." A brief analysis of this case is found in *Brailsford v. Walker,* 205 S. C. 228, 235, 31 S. E. (2d) 385. It, with other authorities, is cited in 11 Am. Jur. 638, footnote 17 to Sec. 32, Constitutional Law, for the following: "The view is taken that substance is more important than form, and that the will of the legislature lawfully expressed in proposing an amendment and the will of the people expressed at the proper time and in the proper manner in ratifying such amendment ought not to be lightly disregarded."

Here we have proposal by one legislative branch to amend the constitution by altering the debt limits of three subdivisions of Sumter County and the other body of the General Assembly amended by striking out two of the subdivisions and returned it in that form to the proposing body, the Senate, which concurred in the amendment. That body had already conformed to the constitution with respect to their form of the amendment which included three subdivisions, as to one of which the House of Representatives agreed and followed the constitutional procedure. The greater included the lesser and as to it the respective Houses were in agreement. In that form the proposal to amend was ratified by the General Assembly and adopted by the people in the ensuing general election. Manifestly, there was no necessity to enter the modified form of the proposed amendment *in extenso* upon the journal of the Senate and again take the yeas and nays. The letter and the spirit of sec. 1 of Art. XVI were complied with by the procedure which the General Assembly followed.

As said in *Kalber v. Redfearn*, 215 S. C. 224, 54 S. E. (2d) 791, it is the duty of our courts to interpret and apply the provisions of our constitution and decisions of other courts are at best only persuasive, so in the presence of a clear precedent, *Weeks v. Ruff, supra,* it is unnecessary to look elsewhere and the foreign decisions which have been cited have been considered in that light. We shall briefly refer to the one which appears closest in facts and in which the Colorado court went further to sustain an amendment than we go here, and there they follow the rule, as we do, that the pertinent provisions of the constitution are to be regarded as mandatory rather than directory.

Where a proposed amendment was not entered in full on the senate journal, nor on the house journal after it had been amended in the senate and returned to the house for its concurrence, it was held in *Nesbit v. People,* 19 Colo. 441, 36 P. 221, 226, that such noncompliance with the constitutional requirement would not invalidate the amendment; but the court said, in so holding: "We must not be understood as holding that the maxim *'ab inconvenienti'* suffices to sustain amendments to the constitution improperly proposed or approved. We are not unmindful of the rule that constitutional provisions are generally to be considered mandatory, rather than directory."

It is established by our decisions that proof of one journal entry *in extenso* of a proposing resolution and a yea and nay vote thereon in each body of the General Assembly suffices. *Lucas v. Barringer,* 120 S. C. 68, 112 S. E. 746. *Stevenson v. Carrison,* 122 S. E. 212, 115 S. E. 251. *Fleming v. Royall,* 145 S. C. 438, 143 S. E. 162.

Injunction denied and petition dismissed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.